UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBRA HUNTER | CIVIL ACTION |
| VERSUS | NO. 07-5267 |
| ALLSTATE INSURANCE COMPANY et al. | SECTION "N" (5) |

# O R D E R and R E A S O N S

Before the Court is the **Motion for Summary Judgment (Rec. Doc. 16)**, filed by Defendant Allstate Insurance Company ("Allstate"). The motion is opposed. After reviewing the pleadings, the memoranda and exhibits, and the applicable law, the motion is granted as set forth herein.

## I. BACKGROUND

Plaintiff Deborah Hunter ("Hunter") is the owner of certain immovable property located at 2519 Jasmine Street in New Orleans, Louisiana. Plaintiff secured a Standard Flood Insurance Policy ("SFIP") on the property issued by Allstate, a Write-Your-Own ("WYO") Program carrier participating in the federal National Flood Insurance Program ("NFIP"). It is undisputed that the policy was in effect when Hurricane Katrina made landfall on August 29, 2005.

After Katrina, Allstate contracted with independent adjuster John Baker ("Baker") to inspect the property. He did so on October 15, 2005, and reported no flood damage; however, the house was locked at the time and Baker was unable to access the interior. After a later inspection

of the interior, Baker concluded that flood waters had entered the crawl space and damaged the subflooring and wood flooring. He recommended payment of $7,488.62 for the building and $643.45 for contents. A June 2007 supplement addressing additional issues raised by the insured resulted in an additional payment of $890.75 for a floor furnace. Hunter filed suit on August 30, 2007, claiming that these payments were inadequate, though she did not name a specific amount of loss in her complaint.

## II. ANALYSIS

### A. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the

nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to

summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B. Proof of Loss Requirement**

Under 44 C.F.R. § 61, app. (A)(2), art. VII(J)(4), an insured must file a sworn proof of loss as condition precedent to filing suit on an SFIP. *See also* C.F.R. § 61 app. (A)(1) art. VII(R) (requiring prior compliance with all policy requirements before filing suit in court). This proof of loss must be filed within 60 days of loss due to flooding, subject to any extensions approved by the Federal Emergency Management Agency ("FEMA"). *See* 44 C.F.R. §§ 61.13(a), (d), & (e);

4

*Foreman v. Fed. Emer. Mgt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998).This requirement is a "strict" one; substantial compliance is not sufficient. *Marseilles Homeowners Condo. Ass'n ., Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055-56 (5th Cir .2008) (quoting *Richardson v. American Bankers Ins. Co.*, No. 07-30271, 279 Fed. Appx. 295, 2008 WL 510518, at 299 (5th Cir.)). Rather, the sworn proof of loss requirement "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998)). Nor do principles of constructive waiver or equitable estoppel excuse this obligation. *Marseilles*, 542 F.3d at 1056 (citing *Richardson*, 279 Fed. Appx. at 299). To the contrary, the proof of loss requirement is waived only with "the express written consent of the Federal Insurance Administrator." *Id.* (citing 44 C.F.R. § 61, app. A(2), art. VII(D)).

Hunter argues (1) that the proof of loss she filed on March 27, 2007, has the word "supplement" written on it, suggesting that another, earlier proof of loss exists; (2) that the proof of loss requirement was waived by FEMA in its bulletin of August 31, 2005; and (3) that the proof loss requirement does not require "hypertechnical" adherence.

As to the first issue, even the existence of paperwork suggesting that there may have been another proof of loss is not sufficient to meet the stringent proof of loss requirement under an SFIP–especially in a case where Plaintiff has not offered any evidence to show that this alleged earlier proof of loss was timely filed. On summary judgment, a plaintiff must produce an *actual*

proof of loss to meet its burden, not merely a theoretical one.[1] Further, FEMA's August 31, 2005, bulletin, which extended the normal 60-day deadline for submission of a sworn proof of loss to one year, only partially waived strict compliance with the sworn proof of loss requirement. Specifically, a waiver occurred only when the insured agreed with the insurer's adjuster's determination of policy benefits. If the insured disagreed with that determination, a sworn proof of loss had to be submitted. The only difference with a disputed claim was that, pursuant to the August 31st FEMA bulletin, the insured was allowed more time than the usual 60 days from the date of loss to satisfy this condition precedent to filing a lawsuit. *See Marseilles*, 542 F.3d at 1056-57; *Richardson*, 279 Fed. Appx. at 298-99.

Finally, Hunter cites to Judge Zainey's opinion in *Reichert v. Fidelity National Prop. & Cas. Ins. Co.*, 2007 WL 763706 (E.D. La. March 8, 2007), in which he held that the proof of loss requirement need not be applied in a "hyper-technical" way in SFIP cases, and that it may not be available as a defense in a case–such as the instant one–where plaintiffs received payments under

---

[1] Additionally, the Court notes that a blank version of this standard proof of loss form is attached to Plaintiff's complaint as Exhibit B. *See* Compl. at Ex. B. This form apparently was faxed to Hunter from Allstate on February 7, 2007, in response to receiving her unsigned, non-itemized letter dated November 6, 2006, proof of mailing of which is attached to the complaint as Exhibit A. *See id.* at Ex. A. It certainly appears as if the proof of loss that preceded the March 27th "supplemental" proof of loss was the letter sent on November 6, 2006. This letter does not comply with the NFIP's requirements, even as amended by the August 31, 2005 bulletin, since it was sent more than a year after loss. However, in light of the Court's ruling it makes no findings on this point.

their policy and then an insurance provider "refused to authorize additional payments based solely on its belief that further benefits could not legally be paid under the rules of the NFIP." *Id.* at *3. *Reichert* preceded *Marseilles*, however, and Judge Zainey recently acknowledged that the Fifth Circuit's ruling in that case rendered *Reichert* untenable. *See Kelly v. Hartford Fire Ins. Co.*, 2009 WL 116989 (E.D. La. Jan. 19, 2009), at *2.

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**, and the case is accordingly **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 23rd day of March, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**